**In re Milton VAN GERPEN Debtor.**

**Bankruptcy No. 97–22482–B.**

United States Bankruptcy Court,
S.D. Texas,
Brownsville Division.

. Nov. 23, 1999.

Ellen C. Stone, Law Offices of John Ventura, Harlingen, TX,. for Debtor.

Kelley G. Loud, Steven Patrick Otillar, Waldron & Schneider, Houston, TX, William Pfeiffer, Attorney at Law, Aberdeen, SD, Lisa Nichols, Corpus Christi, TX, for Trustee.

Barbara C. Kurtz, Office of U.S. Trustee, Corpus Christi, TX, for U.S. Trustee.

### AMENDED ORDER OVERRULING OBJECTION TO PROOF OF CLAIM

RICHARD S. SCHMIDT, Chief Judge.

On this day came on for consideration Security State Bank's Motion to Set Aside Order Denying its Objection to Late Filing of Internal Revenue Service's Proof of Claim. Security State Bank's Motion is premised on its failure to receive timely notice of this Court's September 24, 1999 Order Overruling Objection to Proof of Claim, thereby precluding it from perfecting a timely appeal from that Order. The United States (Internal Revenue Service) concurs that proper notice was not received and it supports Security State Bank's Motion to the extent that the September 24, 1999 Order is set aside and an Amended Order Overruling Security State Bank's Objection to Proof of Claim is re-entered in place of the earlier Order. The Court concurs that Security State Bank should not be denied an opportunity to appeal this Court's ruling simply because it failed to receive notice of that ruling until after the time for filing a Notice of Appeal had expired. Accordingly, Security State Bank's Motion to Set Aside Order Denying its Objection to Late Filing of Internal Revenue Service's Proof of Claim is **GRANTED.** The September 24, 1999 Order Overruling Objection to Proof of Claim is **SET ASIDE.**

■ The Court, having heard the evidence and arguments of counsel, now reconsiders the Objection to Late Filing of Proof of Claim filed by Security State Bank and finds that the Objection should be overruled.

Milton Van Gerpen (the "Debtor") filed a voluntary Chapter 7 petition on May 21, 1997. The deadline for filing proofs of claim in this case was set on June 15, 1998, in conjunction with the notice that the case was being converted from a no asset case to an asset case. Debtor filed a proof of claim on behalf of the IRS on December 30, 1998. The Internal Revenue Service (the "IRS") filed its own proof of claim on January 13, 1999. The IRS proof of claim contained an Austin, Texas address. Notice of the bar date for proofs of claim and the objection to proof of claim were sent to the IRS at an address in St. Paul, Minnesota.

Bankruptcy Rules 7004(a) and 7004(b)(4) require service of the notice of bar date and the objection upon the United States by mail to the United States Attorney of the district in which the action was brought and also upon the Attorney General of the United States at Washington, D.C. The IRS was not properly served with either the notice of the claims bar date or the objection to claim. The objection could be dismissed on notice grounds. *Zapata v. Smith,* 437 F.2d 1024, 1027 (5th Cir.1971).

Rather that dismiss the objection and have it re-filed, and based on the IRS's appearance and opportunity to argue on its behalf, the Court will address the substantive argument of whether the late-filed proof of claim should be allowed. Pursuant to 11 U.S.C. § 726(a)(1), the IRS, as a priority claimant, may participate in distribution of chapter 7 assets as long as their claim is filed "before the date on which the trustee commences distribution under [section 726]." *Id.* The trustee has not commenced distribution in this case and, therefore, the late-filed proof of claim of the IRS should be allowed to the extent it represents a priority claim under 11 U.S.C. § 507.

It is therefore ORDERED that the Objections to Proofs of Claim are hereby overruled and the IRS unsecured priority claim is allowed in the amount of $378,-787.68.